JOHN F. HOLMES AND OTHERS, PLAINTIFFS, v. HENRY E. RICHMOND, SHERIFF, ETC., DEFENDANT.

*Sheriff's sale under execution against two defendants — time given to purchaser within which to pay — right of one debtor in the meantime to redeem — estoppel.*

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

The action was brought against the defendant, the sheriff of Monroe county, for a false return of *nulla bona* to an execution in favor of the plaintiffs against one James A. Barhydt. The facts are substantially as follows :

The plaintiffs had recovered before a justice of the peace in Monroe county two judgments, on the 7th day of January, 1876 ; one against James A. Barhydt for $157, and the other against the said James A. Barhydt and Edwin Barhydt, his father, for $155. The transcripts of both were filed, and the judgments docketed in the Monroe county clerk's office as judgments of the county court, and on the same day executions were issued on both judgments, and delivered to the defendant, as sheriff, for collection. The deputy sheriff levied the executions and a third junior execution on certain personal property in a printing office in Rochester, of which James A. Barhydt had the apparent possession, but in which Edwin Barhydt claimed some interest, and advertised the same for sale on the three executions ; on the day of sale the sheriff offered the property for sale on the three executions, and it was struck off to one Swinburne & Co., who said they were not ready to pay then, but would pay the bid in the morning when the banks were opened, and the sheriff assented to giving them the time until the next morning at ten o'clock, but without the express assent of the plaintiffs or defendants in the execution. The bid of Swinburne & Co., on which the property was struck off, was $275.

The next morning before Swinburne & Co. appeared to pay their bid, Edwin Barhydt appeared at the sheriff's office and

offered to pay the amount of the execution in which he was named as a defendant, and the sheriff received the money in satisfaction of that execution; afterwards Swinburne & Co., by their agent, appeared at the office and offered to pay their bid, but the sheriff refused to receive it, and the sale was not completed. The plaintiffs received the money paid by Edwin Barhydt on the execution against him. Afterwards the sheriff again advertised the same property for sale under the execution against James Barhydt, and exposed for sale the interest he had in the property. The plaintiffs were notified of the sale but neglected to attend, and the property, after reasonable delay, was put up and sold for the sum of $1.10, which the sheriff appropriated to the expenses of the sale, and immediately returned the execution against James A. Barhydt unsatisfied. There was no evidence given that there was any other property of James Barhydt, or in which he had any interest except that sold on the execution as aforesaid.

The plaintiffs were nonsuited at the circuit. The proceedings were stayed, and the exceptions sent to the General Term in the first instance. The plaintiffs now move for a new trial.

The court, at General Term, said : " We think the nonsuit was entirely correct. The first sale was not completed, but the sheriff gave the bidder time to pay the money bid, which he had no authority for doing. He could not make a valid sale except for cash, and the sale was not complete until the payment of the money bid.

" In the meantime, and before the completion of the sale by the payment of the bid, he was bound to receive from Edwin Barhydt the amount of the execution against him, and his payment of that execution avoided the inchoate sale, because the purchaser would not get the interest which Edwin had in the property exposed for sale on the executions. The plaintiffs accepted the money paid by Edwin Barhydt on the execution with a full knowledge of all the facts, and receipted the money on that execution. There is no proof of any negligence or misconduct of the sheriff in regard to the second sale.

" The plaintiffs, beside the advertised notice, were personally notified thereof, and if the interest of James A. Barhydt in the

property was worth more than it brought at the second sale, and if the plaintiffs did not choose to attend the sale, but allowed that interest to be sold for less than its value, the fact is to be attributed to their own negligence, and not to the fault of the sheriff. The questions which the plaintiffs' counsel proposed to have submitted to the jury were wholly immaterial to a proper disposition of the case."

*Rowley & Johnston*, for the plaintiffs. *J. and Q. Van Voorhis*, for the defendant.

Opinion by TALCOTT, P. J.

Present — TALCOTT, P. J.; SMITH and HARDIN, JJ.

New trial denied, and judgment ordered for defendant on the nonsuit.